NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHIKEB SADDOZAI, | No. 20-16660 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-03972-BLF |
| v. | |
| ARQUEZA, Deputy Sheriff; SAN MATEO COUNTY SHERIFF; CITY OF REDWOOD CITY, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| CARLOS G. BOLANOS; SCOTT KIRKPATRICK; SERVICE LEAGUE COUNTY OF SAN MATEO; MAGUIRE CORRECTIONAL FACILITY OF SAN MATEO COUNTY; CAMPOS; BOOTS, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted February 15, 2022[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Shikeb Saddozai appeals pro se from the district court's judgment dismissing his 42 U.S.C § 1983 action alleging violation of his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to effect service under Federal Rule of Civil Procedure 4(m). *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). We vacate and remand.

When the district court was informed that defendant Arqueza had passed away during the pendency of this action, it ordered Saddozai to locate a successor or representative for Arqueza, provide an address for service, and to file a motion for substitution under Federal Rule of Civil Procedure 25. When Saddozai failed to do so, the district court dismissed the action. The district court improperly placed the burden to locate and identify the successor upon Saddozai, a pro se prisoner plaintiff. *See Gilmore v. Lockard*, 936 F.3d 857, 867 (9th Cir. 2019) (holding that it was error to place the burden on a pro se prisoner plaintiff to identify decedent's successor or personal representative and that Rule 25(a)'s 90-day requirement for substitution was not triggered).

**VACATED and REMANDED.**